OPINION
BY THE COURT:
The above-entitled cause is now being determined on appellee’s application to certify the record in this case to the Supreme Court of Ohio for review and final determination on the ground that the judgment of this court is in conflict with the judgment pronounced by the Court of Appeals of the First Division of Ohio in the case of Cox v Cox, reported in Vol. 34 Oh Ap Rep. p. 192, et seq.
The claimed conflict arises through our considering the bill of exceptions and reversing on the weight of the evidence.
Counsel for appellee first raised the question through a motion tO' dismiss the appeal on the ground that motion for new trial was filed prematurely and not refiled or filed anew following judgment entry.
The motion to dismiss was overruled by us for the stated reasons among others, that even conceding all the factual questions stated irr the motion it would not be proper procedure to dismiss. In our opinion overruling the motion to dismiss we commented at length on the proper procedure to be followed where a case is tried to a court, either with or without right of trial by jury. The further suggestion was made that appellee might preserve his question either through motions to strike the bill of exceptions from the files or by questioning our right on determination on the merits to consider the bill of exceptions on the weight of the evidence.
Counsel for appellee in his brief presented the question that we should not consider the bill of exceptions for the reason that the motion for new trial was filed prematurely.
We found no difficulty then nor do we now in determining that the two motions for new trial were filed prematurely.
The case originated in the Probate Court through a complaint filed by the ancillary administrator against the respondent, Mrs. Kate E. Lowrsq charging that she had in her possession and was concealing assets belonging to the estate of William D. Lowry, deceased. By stipulation it was agreed that the court should first determine whether or not the respondent was guilty of concealing assets, and if the court so found, then the *240 hearing should proceed further in determining the amount and value with the total amount of judgment. On the first question submitted the court, through a written opinion, found for the complainant and against the respondent. This opinion was not journalized but respondent within three days filed motion for new trial.
Within a short period of time the ease proceeded on the question of the amount of assets so concealed and the court again prepared and filed a written opinion itemizing the assets so concealed and directing judgment for a named total amount. This opinion of the court was not immediately journalized but nevertheless counsel for respondent within three days filed a second motion for new trial. No action was taken on either of the motions for new trial until the final judgment entry was presented and filed. At the same time, by separate entry, the court overruled the motions for new trial. On March 29,. 1935, our court in the case of Brenholts v Brenholts, (Franklin County, 19 Abs 309), made the following pronouncement:
“The proper time for filing a motion for a new trial in an action tried before the court without a jury is after entry of judgment.”
An irregularity in filing a motion for new trial after a written opinion was filed and before judgment entry would not be prejudicial where the trial court passed on motion for new trial at the time of entering final judgment. We adhered to that principle in the instant case and therein it is the contention of counsel for complainant that we are in conflict with the decision of the Court of Appeals of the First District in the case of Cox v Cox, decided Mhy 20, 1929, and reported in Vol. 34 Oh Ap 192.
A careful reading of the Cox case, supra, does not disclose whether or not the final judgment entry contains the clause that motion for new trial was overruled. If the trial court overruled the motion for a new trial and caused the same to be journalized before a finding or final entry was entered, then we would be in accord that not only motion, but also the judgment of the court overruling motion would be premature. The judgment of the Court of Appeals in the Cox case, supra, will bear the construction that it determines that the premature filing of the motion for new trial is fatal regardless of the time that a judgment may be entered thereon.
We have concluded to order certification on the ground that our opinion in the instant case is in conflict with that of Cox v Cox, supra.
Entry may be presented accordingly.
GEIGER, PJ., BARNES & HORN-BECK, JJ., concur.